IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

QUARUAN CHANCE,

       Defendant.

Criminal No. 20-002
ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT**

Before the Court is the Government's Motion for Revocation of an Order of Release. ECF 61. The Government filed a brief in support of same. ECF 67. The Defendant filed a response making the matter for adjudication. ECF 69.

**I. BACKGROUND**

On December 30, 2019, Defendant was charged in a criminal complaint with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). ECF 1. During Defendant's December 31, 2019 initial appearance before Magistrate Judge Eddy, Defendant waived his right to a detention hearing. ECF 4. On January 7, 2020, a federal grand jury indicted the Defendant for the offense of possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). ECF 10. Defendant entered a plea of not guilty at his arraignment hearing. ECF 15.

Over a year later, on February 26, 2021, Defendant filed a Motion to schedule Bail Hearing. ECF 53. In his motion, Defendant admitted he was on parole in New York at the time he was arrested for the instant federal offense, but claimed that as of November 20, 2020, he was

released from New York state parole. Id. During the March 10, 2021, Magistrate Judge Kelly presided over Defendant's detention hearing. ECF 57. During the bail hearing, held on March 10, 2021, Magistrate Judge Kelly ultimately concluded that based on the Section 3142(g) factors, Defendant could be released on a $50,000 bond, with conditions of release to include home detention and location monitoring. ECF 59.

## II. LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3145(a), provides that, "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." Id. This Court's standard of review for a motion for revocation is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).

## III. DISCUSSION

Section 3142 states in relevant part:

> (g) Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including--
> >
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

2

>> conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C.A. § 3142.

The Government's motion for revocation of Magistrate Judge Kelly's order of release Defendant notes that on March 10, 2021, at the time the Magistrate Judge made her determination, she relied on the pretrial services report which made no mention of Defendant's New York parole situation. As noted by the transcript of that bond hearing (attached to the Government's brief), Magistrate Judge Kelly noted that she first considered "the recommendation of Pretrial Services," which recommended Defendant's release. ECF 67-1, p. 37. In addition, because the Pretrial Services report did not indicate that Defendant was subject to an active parole detainer, Magistrate Judge Kelly found that the record unclear as to whether Defendant was on parole at the time of his arrest for the charged offense, and treated this factor as "neutral." ECF 67-1, p. 42.

However, per the Government, six days after the bond hearing concluded, on March 16, 2021, "the United States Probation Office informed the Government that Defendant's parole

detainer was active and . . . the State of New York had no intention of lifting the detainer regardless of the outcome of this case." ECF 67, p. 4.

This Court, upon review of the transcript of Bond Hearing (ECF 67-1) notes that Defendant failed to present any evidence or testimony on his own behalf to meet his burden of proof that he would appear as required, nor did he present any evidence or testimony attesting to the fact that his release would not render any other person and/or the community unsafe. Even considering the bond conditions that Magistrate Judge Kelly thoughtfully put in place – such as home detention and location monitoring – the fact that Defendant failed to note his parole status at the time of his arrest to Magistrate Judge Kelly during the hearing, is problematic. This Court finds that Defendant failed to meet his burden of proof at the hearing and for this reason the Government's motion for revocation of an order of release should be granted. Moreover, Defendant pursued his release on bond, while he was on still subject to parole. This lack of candor is unfortunate. This Court has grave concerns that if Defendant were released he could not be trusted to appear, and/or he could not be trusted to not re-engage in criminal behavior, endangering the community and others.

For all of the reasons set forth above, the Court GRANTS the Government's Motion for Revocation of an Order of Release.

SO ORDERED this 30th day of April, 2021.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Court Judge

cc:      All ECF Registered Counsel of Record